IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

LYNETTE MILLER,

    *Plaintiff*,

v.

    CIVIL ACTION NO. 3:17-cv-39
    Chief Judge Groh

WEST VIRGINIA UNIVERSITY
HOSPITALS-EAST, INC. d/b/a
WV UNIVERSITY HEALTHCARE

    *Defendant*.

ELECTRONICALLY FILED
Apr 13 2017
U.S. DISTRICT COURT
Northern District of WV

## NOTICE OF REMOVAL

Defendant WEST VIRGINIA UNIVERSITY HOSPITALS-EAST, INC. d/b/a University Healthcare by counsel, hereby gives notice of its removal of the above-captioned civil action now pending in the Circuit Court of Berkeley County, West Virginia as Civil Action No. 17-C-125. The Defendant removes the above-captioned civil action on the basis of federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of its removal of the above-captioned civil action, the Defendant states as follows:

### BACKGROUND

1. On March 13, 2017, Plaintiff Lynette Miller filed her Complaint in the Circuit Court of Berkeley County, West Virginia (the "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. The Plaintiff served her Complaint on the Defendant by delivering a copy of the Complaint and summons by certified mail on March 21, 2017. A true and correct copy of the summons served on the Defendant, along with a copy of the entire certified state court record and docket sheet, is attached hereto as **Exhibit B**. Exhibits A and B constitute all of the process,

pleadings, and orders served on the Defendant in this case, and are attached hereto pursuant to 28 U.S.C. § 1446(a). A copy of the Notice of Filing Notice of Removal being filed in the circuit court this day is attached hereto as **Exhibit C**.

3. The Plaintiff alleges in her Complaint that she was employed by Defendant as a Payroll Supervisor from 2011 until March 2016. (Ex. A, at ¶¶ 5). The Plaintiff alleges that Defendant was her statutory "employer" within the meaning of the federal Fair Labor Standards Act (FLSA). (*Id.* at ¶ 7). She claims that Defendant incorrectly classified her as exempt from the overtime requirements of the FLSA, and failed to pay her at an overtime rate for hours worked over forty hours per week. (*Id.* at ¶¶ 8-9) She claims she "worked hundreds of hours for which she should have been paid at a higher 'time-and-a-half' rate, but she was never paid for these hours at all." (*Id.* at ¶ 10) The Plaintiff specifically alleges that her claim arises under the laws of the United States, namely the FLSA. (*Id.* at ¶ 3).

4. The Plaintiff's FLSA claim is the only claim asserted in the Complaint. (*See* Ex. A)

## STANDARD FOR REMOVAL

5. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

7. "The party seeking removal bears the burden of establishing federal jurisdiction." *Keller v. Temple*, No. 5:12-CV-152, 2013 WL 1855883, at *2 (N.D.W.Va. April 30, 2013) (citing *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994)).

## THE COURT HAS SUBJECT MATTER JURISDICTION
## OVER THIS CIVIL ACTION

8. The Defendant removes this action to this Court pursuant to the provisions of 28 U.S.C. § 1441 because the case presents a federal question over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331. This Court has original jurisdiction because the Plaintiff's cause of action specifically arises under, and seeks remedies created by, federal statutes, specifically the FLSA.

9. "In cases where federal law *creates* the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 (1986)). "[R]emoval is appropriate if the face of the complaint raises a federal question." *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005).

10. Here, the Complaint specifically alleges that Plaintiff's Complaint "is an action under the Fair Labor Standards Action (hereinafter "FLSA"), 29 U.S.C. § 201, et seq." which is a federal statute. (Ex. A, at ¶ 3).

11. Because federal law creates both the cause of action alleged and the remedies sought in Plaintiff's claim for relief, the claim presents a federal question over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## THE REMOVAL IS TIMELY

12. "The notice of removal of a civil action ... shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...." 28 U.S.C. § 1446(b)(1).

13. Defendant was served with a copy of the Complaint by certified mail on March 21, 2017. This Notice is therefore timely filed on April 13, 2017. *See* 28 U.S.C. § 1446(b)(1).

## CONCLUSION

14. The United States District Court for the Northern District of West Virginia, Martinsburg Division, has original jurisdiction and supplemental jurisdiction over the above-captioned civil action pursuant to 28 U.S.C. §§ 1331 and 1367 because the Plaintiff alleges a cause of action arising under federal law, violation of the FLSA, 29 U.S.C. 201, *et seq*.

15. The Defendant has filed a copy of all process, pleadings, and orders in the above-captioned civil action as an Exhibit to this Notice of Removal in accordance with 28 U.S.C. § 1446(a). *See* Exs. A-C.

16. The Defendant has served a copy of this Notice of Removal on all adverse parties and filed a copy of this Notice of Removal with the Clerk of the Circuit Court of Berkeley County, West Virginia in accordance with 28 U.S.C. § 1446(d).

17. The Defendant has provided the required filing fee of four hundred dollars ($400.00).

DATED this 13th day of April, 2017.

                                            **WEST VIRGINIA UNIVERSITY HOSPITALS-EAST, INC. d/b/a WV UNIVERSITY HEALTHCARE**
                                            **Defendant, By Counsel**

/s/ Brian M. Peterson
Brian M. Peterson (W.Va. State Bar ID #7770)
Associate General Counsel
West Virginia United Health System, Inc.
1238 Suncrest Towne Centre Drive
Morgantown, WV 26505
Telephone: 304-598-4350
Facsimile: 304-598-9888
brian.peterson@wvumedicine.org

and

Garland B. Nagy (W Va. State Bar No. 12561)
Assistant General Counsel
City Hospital, Inc. *dba* Berkeley Medical Center
2500 Hospital Drive
Martinsburg, WV 25401
Telephone: 304.264.1307
Facsimile: 304.598.9888
garland.nagy@wvumedicine.org

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

LYNETTE MILLER,

    *Plaintiff*,

v.

WEST VIRGINIA UNIVERSITY
HOSPITALS-EAST, INC. d/b/a
WV UNIVERSITY HEALTHCARE

    *Defendant*.

CIVIL ACTION NO. 3:17-cv-$^{39}$___
Chief Judge Groh

## CERTIFICATE OF SERVICE

I, Brian M. Peterson, counsel for Defendant, do hereby certify that I served a true and correct copy of the foregoing *Notice of Removal* upon all counsel and parties of record by depositing a true and accurate copy in the United States Mail, first class, postage prepaid, in envelopes addressed as follows:

    Barry Beck, Esquire
    POWER, BECK & MATZUREFF
    308 W. Burke Street
    Martinsburg, WV 25401
    *Counsel for Plaintiff*

On the 13th day of April, 2017.

                                        /s/ Brian M. Peterson
                                        Brian M. Peterson