IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

LYNNETTE MILLER,

    Plaintiff,

v.                                         CASE NO.: 17-C-125

WEST VIRGINIA UNIVERSITY
HOSPITALS – EAST, INC., d/b/a
WV UNIVERSITY HEALTHCARE,

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Lynnette Miller, by counsel, and for her Complaint against the Defendant, West Virginia University Hospitals – East, Inc., d/b/a WV University Healthcare, avers the following:

1. The Plaintiff, Lynnette Miller, is an individual residing in Berkeley County, West Virginia.

2. The Defendant, West Virginia University Hospitals – East, Inc., d/b/a WV University Healthcare, is a domestic corporation authorized to conduct business in the State of West Virginia.

3. This is an action under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201, et seq. The Court has jurisdiction over this action pursuant to 29 U.S.C. § 2617(a)(2).

4. Venue is proper in this Court because the Plaintiff is a resident of Berkeley County, the Defendant conducts business in Berkeley County, and the cause of action arose in Berkeley County.

5. From on or about 2011 to March 2016, the Plaintiff was employed by the Defendant in a position which it designated as "Payroll Supervisor."

6. The FLSA provides in relevant part as follows:

> no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

7. The Defendant is an "employer" within the meaning of the FLSA.

8. The Plaintiff was an employee whose duties and position were such that she was a "non-exempt" employee for purposes of the FLSA; that is, she was entitled to compensation for all hours worked, and overtime for hours she worked that calculated to more than forty hours in any work week.

9. At all times relevant hereto, the Defendant illegally characterized the Plaintiff as a salaried employee, exempt from the FLSA requirements for non-exempt employees, and did not pay her at an overtime rate for hours worked over forty hours per week.

10. At all times relevant hereto, the Plaintiff worked hundreds of hours for which she should have been paid at a higher "time-and-a-half" rate, but she was never paid for these hours at all.

11. The Defendants acted recklessly, willfully, and in bad faith because it knew or should have known that the Plaintiff was entitled to overtime compensation.

12. The Plaintiff is entitled to back pay, liquidated damages, interest, costs of litigation, and attorney fees in this matter.

**WHEREFORE,** the Plaintiff prays that judgment be entered in her favor against the Defendant for back pay, liquidated damages, prejudgment and post-judgment interest, plus attorney's fees and costs, and such other and further relief as the Court may deem appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY**

<u>**PLAINTIFF**</u>
**By Counsel**

_/s/ Barry P. Beck_
Barry P. Beck
(W.Va. Bar # 4225)
POWER, BECK & MATZUREFF
308 W. Burke Street
Martinsburg, WV 25401
(304) 264-8870